UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| MICHAEL DEWAYNE SHELBY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:06-CV-279 |
| | ) | (arising from No. 2:04-CR-26 PS) |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Pro se Petitioner Michael Dewayne Shelby filed a 28 U.S.C. § 2255 petition seeking to vacate his criminal conviction. For the reasons set forth below, this Court dismisses all claims raised by Shelby except one – ineffective assistance of counsel. The Court therefore orders the government to respond to this claim within thirty (30) days.

**I. BACKGROUND**

On February 8, 2005, Petitioner Shelby was convicted by a jury on two counts of possession with intent to distribute cocaine under 21 U.S.C. § 841(a)(1) [DE 63]. The Court on August 10, 2005 sentenced Shelby to 121 months on each count to run concurrently and to supervised release of five years to run concurrently [DE 76]. The clerk entered judgment as to Shelby on August 11, 2005 [DE 77]. Neither Shelby nor his counsel filed a notice of appeal within ten days of the judgment.

The Court then received a letter from Shelby dated September 29, 2005 [DE 79]. In his letter, Shelby requested: (1) information as to whether his counsel, Nishay Sanan, filed a timely notice of appeal with respect to Shelby's conviction; and (2) Court-appointment of new counsel for his appeal if Sanan did not file a notice. Shelby had ten days to appeal his judgment, Fed. R.

App. P. 4(b)(1)(A), with an extension of an additional thirty days upon a finding of excusable neglect or good cause, *id.* at 4(b)(4). Sanan however failed to file a notice of appeal regarding Shelby's conviction and/or sentencing within that forty-day period.[1]

The Court informed Shelby several times that any notice of appeal filed after the 40 days would be untimely. [DE 81, 84, 92, 99.] Shelby nevertheless filed such a notice on August 7, 2006 [DE 93]. The Seventh Circuit dismissed the appeal on October 24, 2006 as no judgment or order had been entered within ten days of Shelby's filing. *See United States v. Shelby*, No. 06-3158 (7th Cir. Oct. 24, 2006).

The Court also, several times, advised Shelby that he was free to file a petition to vacate his sentence or attack the judgment pursuant to 28 U.S.C. § 2255. [DE 81, 84, 92.] Shelby finally filed a § 2255 petition on August 10, 2006, which is now before the Court.

As best as this Court can tell, Shelby alleges five bases for challenging his conviction: (1) ineffective assistance of Shelby's counsel for failure to allow Shelby to testify on his own behalf, failure to object to the sentence, and failure to file an appeal; (2) "obstr[u]ction of justice" by this Court – specifically, Shelby alleges that the Court failed to allow Shelby to file his appeal and accuses the Court of being biased and prejudiced; (3) "personal conflict" between Shelby's lawyers and Shelby, and a conspiracy between Shelby's lawyers and the government, in particular United States Attorney Joseph S. Van Bokkelen and Assistant United States Attorney

---

[1] The Court entered Shelby's judgment on August 11, 2005. His ten days to file his notice of appeal expired on August 25, 2005. His additional thirty days for good cause or excusable neglect ended on September 26, 2005. Shelby's initial inquiry to this Court regarding whether his counsel had filed a notice of appeal [DE 79] was on September 29, 2005 (the date marked on the letter and apparently sent to this Court) – three days after the 40-day period had elapsed.

Clarence Butler, Jr.; (4) prosecutorial misconduct by Assistant United States Attorney Clarence Butler, Jr; and (5) unconstitutionality of Shelby's indictment.

## II.  DISCUSSION

A motion under § 2255 allows a federal prisoner "in custody . . . claiming the right to be released" to attack his sentence on the grounds that it was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction . . . , or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255 ¶ 1.  To remedy any violation of the Constitution or federal law, a court may "vacate and set the judgment aside and [ ] discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  *Id.* ¶ 2.  But before a court requires the government to respond to a petitioner's allegations, the court must first review the petition.  *See* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.  "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  *Id.*

When reviewing § 2255 petitions, we recognize that, when assessing a *pro se* petitioner's complaint or § 2255 motion, this Court has an obligation to construe the motion liberally.  *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 554-55 (7th Cir. 1996); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (a "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (citations and internal quotations omitted).  Or in other words,

> The mandated liberal construction afforded to *pro se* pleadings "means that if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.

*Lenoir v. United States*, No. 2:04-CV-392, 2:00-CR-44, 2005 WL 2990630, at *2 (N.D. Ind. Nov. 8, 2005) (citing *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (alterations in original).  However, "a district court should not 'assume the role of advocate for the *pro se* litigant' and 'may not rewrite a petition to include claims that were never presented.'" *Id.*  The Court now reviews Shelby's claims with the above principles in mind.

**A.    Ineffective Assistance of Counsel Claim**

Mr. Shelby asserts only one cognizable claim – ineffective assistance of counsel. Although the supporting reasons for this ground are a bit unclear, from the context of the petition as a whole, this Court is able to determine that Shelby is alleging that his counsel was ineffective for several reasons, including failing to allow Shelby to testify on his own behalf, failing to object to the sentence, and failing to file a notice of appeal.  This ground also alleges a claim for which relief could be granted.  Accordingly, the Court orders the government to respond to this claim.  *See* Rule 4(b), Rules Governing § 2255 Proceedings for the United States District Courts.

**B.    Remaining Claims**

Shelby's remaining claims are nearly incomprehensible.  Shelby's claims against this Court, for example, cannot be deciphered, other than a cursory allegation that the Court was biased and prejudiced against Shelby. (Pet. [DE 1 at 4].)  Shelby complains that the Court refused to let him appeal his case. (*Id.*)  But as repeatedly stated by this Court, its hands were tied in this regard.  Other than that sole contention, Shelby does not provide any examples of this

Court's alleged bias and prejudice.

Similarly, Shelby states that he had a "personal conflict" with his two attorneys and that his attorneys were "working with" the government attorneys. (*Id.*) There is nothing else in this claim that the Court understands. For instance, Shelby states:

> The named attorneys and this United States District Court Attorney was working together hand picking unjustified unconstitutionally grounds and elements that was not facts[.]

(*Id.* [DE 1 at 5].) Shelby also did not provide any details or specifics that would allow the Court to determine whether Shelby's claim would be entitled to relief. Simply put, the Court does not understand what Shelby is trying to allege in this claim.

Furthermore, Shelby's claims against the United States Attorney Joseph Van Boekklen and Assistant USA Clarence Butler, Jr. make no sense. He states:

> United States of America District Court Attorneys was unjustified[.] Named Joseph S. Van Bokkelen United States Attorney and Assi[s]tant named United S[t]ates Attorney Clarence Butler, Jr. was hand picking unjustified – justice against justice for false elementes [sic] and e[vi]dences that was not facts for the grand jury[] . . .
>
> [The] paid attorney and the United States District Court Attorney lied to the court in count number (2) to get it dismissed when they knowed that they have violated justice and the United States Constitutional Rights to a [fair trial] by jury[.] The named attorneys was under a personal conflict against . . . Shelby . . . .

(*Id.* [DE 1 at 4].) The Court cannot make heads or tails of the allegations against counsel for the government.

Finally, Shelby mentions his indictment as a reason for relief. He states: "The grand jury indictment was unconstitutionally information that was justice that a real jury could bring a verdict of guilty against [Shelby]." (*Id.* [DE 1 at 5].) He also notes:

5

> the crack cocaine and cocaine base mean crack co[c]aine[.] Why did the
> grand jury indictment on 8/26/2004 a motion was filed to dismiss
> indictment that constitutional rights was violated the indictment is in
> violated the bill of rights to due process to clause for justice.

(Pet. [DE at 9].)  The Court can only gather that Shelby is raising a claim regarding the indictment.  But that is it.  The Court again has no idea what Shelby is alleging regarding his indictment or whether he would be entitled to any relief.

Shelby's claims are both woefully lacking in details and impossible to understand.  Accordingly, the Court has no choice but to dismiss the remaining § 2255 claims.  *See Oliver v. United States*, 961 F.2d 1339, 1343 n.5 (7th Cir. 1992)(holding that a district court may deny a § 2255 motion without a hearing "if the motion raises no cognizable claim, if the allegations in the motion are unreasonably vague, conclusory, or incredible, or if the factual matters raised by the motion may be resolved on the record before the district court."); *United States v. Hull*, No. 2:02 CV 2, 2:99 CR 74, 2006 WL 752481, at *3 (N.D. Ind. March 21, 2006) (summarily dismissing claims that are "confusing, vague and contains little detail to point the court to constitutional error") (citing several court of appeals cases).  *Cf. Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001) ("a hearing is not necessary if the petitioner makes allegations that are 'vague, conclusory, or palpably incredible,' rather than 'detailed and specific.'") (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)).

6

### III.  CONCLUSION

For the above reasons, the Court **ORDERS** the United States Attorney to respond to Petitioner Shelby's claim of ineffective assistance of counsel with thirty days from the date of this Order.  Shelby's remaining claims in his § 2255 Petition are **DISMISSED**.

**SO ORDERED.**

ENTERED: November 14, 2006

>                                  s/ Philip P. Simon
>                                  PHILIP P. SIMON, JUDGE
>                                  UNITED STATES DISTRICT COURT